**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**AMY FULCHER, *et al.*,**

**Plaintiffs,**

**v.**

**Civil Action 2:26-cv-353**

**District Judge Edmund A. Sargus, Jr.**

**Magistrate Judge Kimberly A. Jolson**

**HOLZER HEALTH SYSTEM,**

**Defendant.**

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion Seeking Leave to File Their Opposition to Defendant's Motion to Dismiss Under Seal. (Doc. 17). Plaintiffs simultaneously filed a redacted version of their Opposition. (Doc. 16). For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs initiated this case on March 20, 2026, alleging that Defendant systematically violated patients' and its website users' privacy rights by disclosing protected health information ("PHI") to Google and third parties without the patients' or users' knowledge or consent. (Doc. 1 at ¶ 1). Plaintiffs bring their action under 42 U.S.C. § 1320d-6(a)(3); Electronic Communications and Privacy Act, 18 U.S.C. § 2511(1) *et seq.*; and Ohio state laws and request class certification; injunctive relief; statutory, actual, compensatory, consequential, and nominal damages; restitution and/or disgorgement of profits; pre- and post-judgment interest; and attorneys' fees and costs. (*Id.* at ¶¶ 365–496; *id.* at 120–21).

Simultaneously, Plaintiffs moved to file an unredacted version of their Complaint under seal and for permission for the redacted version to remain on the public docket to prevent disclosure of their protected health information ("PHI"). (Doc. 2). The Court granted that request.

(Doc. 3). Several months later, Defendant filed a Motion to Dismiss. (Doc. 13). Now, Plaintiffs seek leave to file their response under seal and maintain the redacted version on the public docket because it includes their Complaint allegations referencing PHI. (Doc. 17). This matter is ready for consideration.

## II. STANDARD

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury. . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those

records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## III. DISCUSSION

As noted above, Plaintiffs seek to seal their opposition containing their PHI, including their "health conditions, symptoms, and health related services." (Doc. 17 at 4). "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Sealing medical records "is in accordance with the strong public policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information." *Harrison v. Scott*, 2:18-cv-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021). And "[c]ourts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." *Hines v. Humana Ins. Co.*, No. 1:21-cv-409, 2023 WL 2562723, at *2 (S.D. Ohio Mar. 17, 2023) (sealing plaintiff's medical records); *see also Harrison*, 2021 WL 2438858, at *2 (same).

Here, the Court finds that Plaintiffs have a compelling interest in the non-disclosure of their PHI and it outweighs the public's interest in access to the same. What's more, Plaintiffs' request is narrowly tailored, as the redactions are limited to two portions of two sentences. *C.f. In re E.I.*

*Du Pont de Nemours and Co. C-8 Personal Injury Litig.*, No. 2:13-md-2433, 2:18-cv-136, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019) (finding a request to redact lines from a deposition was "no broader than necessary" to protect medical information).

Accordingly, Plaintiffs may maintain the redacted version of their opposition on the docket and file an unredacted version under seal on or before July 31, 2026.

A final note. In the interest of efficiency, the parties may redact Plaintiffs' PHI and file an unredacted version under seal without seeking leave of Court moving forward.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion Seeking Leave to File Their Opposition to Defendant's Motion to Dismiss Under Seal is **GRANTED**. (Doc. 17). Plaintiffs are **DIRECTED** to file an unredacted version under seal on or before July 31, 2026.

IT IS SO ORDERED.

Date: July 29, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE